IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMAS AYALA CASTRO,<br>　　　　Petitioner,<br><br>v.<br><br>SIMONA FLORES, Dallas Field Office<br>Director of Immigration and Customs<br>Enforcement,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 3:17-CV-3333-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for pretrial management. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUIDICE** for want of prosecution.

**I. BACKGROUND**

This fee-paid case was initiated by Plaintiff's December 8, 2017 filing of his *Complaint for Writ of Habeas Corpus and Memorandum of Law in Support Thereof*, by which he seeks "to enjoin Respondents from unlawfully removing Petitioner from the United States." Doc. 2 at 1. Finding the complaint deficient, on December 8, 2017, the Court issued a notice and order directing Petitioner to file by December 22, 2017 an amended complaint or an amended petition for writ of habeas corpus that meets the requirements of Rule 8(a), including sufficiently stating the basis of this Court's subject matter jurisdiction. Doc. 3. The deadline for Petitioner's response was December 22, 2017. As of the date of this recommendation, however, Petitioner has not responded to the Court's deficiency order, nor has he sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner, who is represented by counsel, has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

**SIGNED** January 8, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE